UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SCOTT CRAYCROFT                                                                                           PLAINTIFF

v.                                                                             CIVIL ACTION NO. 3:15-cv-00654-CRS

DAKKOTA INTEGRATED SYSTEMS, LLC                                                            DEFENDANT

### MEMORANDUM OPINION AND ORDER

Plaintiff Scott Craycroft filed a suit in Jefferson Circuit Court in Louisville, Kentucky, against Defendant Dakkota Integrated System, LLC ("Dakkota") alleging claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*., and Kentucky's workers' compensation anti-retaliation provisions, KRS § 342.197. Subsequently, Dakkota removed the action to this Court. Craycroft now moves this Court for remand. For the reasons below, the Court will deny Craycroft's motion.

"A civil action in any State court arising under the workers' compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Courts have found that claims under Kentucky's anti-retaliation statute arise under the workers' compensation laws of the Commonwealth. *See, e.g.*, *McCormack v. RR Donnelley & Sons Co.*, 436 F. Supp. 2d 857, 860 (E.D. Ky. 2006). However, Craycroft also asserts a federal cause of action under the FMLA. This Court has original jurisdiction over actions under the laws of the United States. *See* 28 U.S.C. § 1331.

"In any action in which the district court has original jurisdiction, it also has 'supplemental jurisdiction over all other claims that are so related to claims in the action within such jurisdiction that they form part of the same case or controversy.'" *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (quoting 28 U.S.C. § 1367(a)). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 583 (6th Cir. 2011) (internal citations and quotations omitted). Craycroft's FMLA claim and state law retaliatory discharge claim share the same factual basis – Craycroft suffering an on-the-job injury followed by Dakkota terminating Craycroft's employment. Therefore, the Court may exercise supplemental jurisdiction over Craycroft's workers' compensation claims.

Craycroft's argument that the mere existence of a workers' compensation claim in an action requires the Court to remand the matter to state court is without merit. The cases Craycroft relies on for this proposition are inapplicable to the facts of this case. For example, *Thornton v. Denny's Inc.* involved the issue of whether the court could retain jurisdiction over a state workers' compensation claim when the court's basis of jurisdiction was diversity of citizenship – not federal question jurisdiction. 992 F.2d 1217 (6th Cir. 1993). Likewise, in *Humphrey v. Sequentia, Inc.*, the court dealt with an action that at the time of removal did not include a federal cause of action. 58 F.3d 1238 (8th Cir. 1995). Indeed, the issue on appeal focused on whether a federal statute preempted a state workers' compensation law. *Id.* Similarly, in *McCormack*, the plaintiff only alleged state law claims, including workers' compensation claims. 436 F. Supp. 2d 857.

Here, the facts are notably different. Craycroft's state court complaint alleged a federal claim along with a workers' compensation claim. Dakkota subsequently removed the action to

this Court. As the Court has original jurisdiction over the FMLA claim and can exercise supplemental jurisdiction over the remaining claims, Dakotta properly removed the action. Congress enacted Section 1445(c) "to reduce congestion in the federal district courts." *Harper*, 392 F.3d at 208. As the Court has original jurisdiction over part of the action, it serves the interest of judicial economy to exercise supplemental jurisdiction over the workers' compensation claim to ensure that the same operative facts are decided together in a single proceeding. Therefore, the Court will deny Claycroft's motion for remand.

Accordingly, and the Court being sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that that Plaintiff Scott Craycroft's motion to remand (DN 7) is **DENIED**.

**IT IS SO ORDERED.**

February 8, 2016

**Charles R. Simpson III, Senior Judge
United States District Court**